1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11

12 SYNOPSYS, INC.,                                Case No. 3:22-cv-02546-JD

13          Plaintiff,                           **ORDER RE PLAINTIFF SYNOPSYS,
                                                 INC.'S EX PARTE MOTION FOR**
14     v.                                        **(1) TEMPORARY RESTRAINING
                                                 ORDER; (2) ORDER TO SHOW CAUSE**
15 PHAN VĂN KHÁNH, DOE COMPANY, and              **RE PRELIMINARY INJUNCTION;
   DOES 1-5, inclusive,                          (3) ORDER FOR EXPEDITED**
16                                               **DISCOVERY; AND (4) ORDER
          Defendants.                            AUTHORIZING ALTERNATIVE**
17                                               **SERVICE ON DOES 1-6**

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Synopsys, Inc., filed a motion for a temporary restraining order, order to show

2    cause why a preliminary injunction should not be entered, order for expedited discovery, and order

3    authorizing alternative service.  Dkt. No. 8.  The Court held a hearing at which Synopsys appeared.

4    Dkt. No. 12.  Defendant Phan Văn Khánh did not appear.

5    Synopsys has established that it provided notice of the TRO motion and hearing to Khánh.

6    Dkt. Nos. 8-1, 11.  The request for a temporary restraining order is governed by the same legal

7    standard as a motion for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D.*

8    *Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  "A plaintiff seeking a preliminary

9    injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

10   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

11   and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S.

12   7, 20 (2008).  Alternatively, "a preliminary injunction could issue where the likelihood of success

13   is such that serious questions going to the merits were raised and the balance of hardships tips

14   sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that

15   the injunction is in the public interest.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

16   1131 (9th Cir. 2011) (internal quotation omitted).  Under either approach, "at an irreducible

17   minimum," the party seeking an injunction "must demonstrate a fair chance of success on the

18   merits, or questions serious enough to require litigation."  *Pimentel v. Dreyfus*, 670 F.3d 1096,

19   1105-06 (9th Cir. 2012) (internal quotation omitted).

20   The Court makes no definitive finding on the merits of this case at this early stage, but the

21   Court finds that for present purposes, Synopsys has demonstrated a serious question on the merits

22   of its claims under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201 *et seq*., and

23   the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A), 1125(a)(1)(B).  Synopsys has also adequately

24   established that it is likely to suffer irreparable harm if a temporary restraining order is not granted,

25   and that the balance of equities and public interest factors also support the issuance of a limited

26   TRO.

27   Synopsys has demonstrated good cause for expedited third-party discovery to ISPs who

28   have in their possession, custody, and control subscriber information for services associated with

operation of the ShareAppsCrack.com website, so that the Doe defendants may be identified.  But Synopsys' request for forensic discovery on defendant Khánh's devices and computers that are involved in ShareAppsCrack.com's operation is denied without prejudice for the reasons stated at the hearing.

The Court also finds that there is good cause to allow alternative service on the Doe defendants associated with ShareAppsCrack.com's operation.

Consequently, IT IS ORDERED that:

Synopsys may effect service by email on Does 1-6.  Synopsys is directed to file proofs of service on the ECF docket after effectuating service by email.

Defendants Phan Văn Khánh and Does 1-6, their officers, agents, directors, servants, employees, and all other persons and entities acting in concert or participation with them, are enjoined from the following acts:

(1) in connection with any goods or services, using in commerce (a) any word, term, name, symbol, or device, or any combination thereof, or (b) any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Synopsys with defendants, or as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by Synopsys;

(2) sharing, hosting, distributing, or otherwise trafficking in any counterfeit Synopsys software; and

(3) manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that is primarily designed or produced for the purpose of circumventing technological measures that effectively control access to Synopsys' copyright-protected software.

Synopsys may serve subpoenas on third-party service providers who are likely to have in their possession, custody, or control subscriber information for Doe defendants, for the purpose of learning the identities of the Doe defendants.

1    Pursuant to Federal Rule of Civil Procedure 65(b), defendant Phan Văn Khánh and

2  representatives for ShareAppsCrack.com, shall appear before this Court on June 2, 2022, at

3  10:00 a.m. to show cause, if there is any, why this Court should not enter a preliminary injunction,

4  pending a final judgment against defendant Khánh and ShareAppsCrack.com, enjoining them,

5  their representatives and persons who are in active concert or participation with them, from the

6  conduct temporarily restrained by this order.

7    The provisions of this order will remain in effect for a period of 30 days, through June 8,

8  2022.

9    **IT IS SO ORDERED.**

10

11  DATED:  May 9, 2022

12                                              _____

13                                              JAMES DONATO
                                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28