UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

    Plaintiff,

v.

PHAN VAN KHANH,

    Defendant.

Case No. 22-cv-02546-JD

**ORDER RE DEFAULT JUDGMENT**

In this copyright and trademark infringement action, plaintiff Synopsys, Inc. alleges that defendant Phan Văn Khánh operated a website, ShareAppsCrack.com, that trafficked counterfeit Synopsys software. *See* Dkt. No. 1. Khánh has failed to appear in the action, and Synopsys has moved for default judgment on its claims under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201, and the Lanham Act, 15 U.S.C. § 1125. Dkt. No. 27. The motion is granted and denied in part.

**BACKGROUND**

Synopsys designs copyrighted and trademarked software for the semiconductor industry. Dkt. No. 1 ¶ 21. Synopsys customers purchase licenses which grant them rights to install Synopsys software and use specific Synopsys programs subject to control by Synopsys' "License Key" security system. *Id.* ¶ 24. Synopsys software cannot be used without the appropriate license key, and Synopsys itself "is the sole source of legitimate license key files, which it provides only to licensed users of its software." *Id.* ¶ 25.

As alleged in the complaint, Khánh resides in Vietnam and operated the website ShareAppsCrack.com, which sold "cracked" and counterfeit versions of software that are

distributed without the owner's authorization and with modifications that circumvent access controls. *Id.* ¶¶ 2, 26, 29. Synopsys alleged that ShareAppsCrack.com allowed for unauthorized downloads of its software using counterfeit license keys, and advertised "cracked" versions of Synopsys software using Synopsys' protected trademarks. *Id.* ¶¶ 26, 29, 44-48.

Synopsys filed suit on April 26, 2022, and served Khánh on April 29, 2022. Dkt Nos. 1, 8-1. On May 9, 2022, the Court entered a temporary restraining order (TRO) and an order directing Khánh to show cause why a preliminary injunction should not issue to enjoin the alleged violations of the DMCA and Lanham Act. Dkt. No. 13. Khánh did not respond to the orders or otherwise make any appearance in the case, but the ShareAppsCrack.com website was taken down on or around May 24, 2022. Dkt. No. 27-2 ¶ 21. A preliminary injunction was issued on June 15, 2022, on the same terms as the TRO. Dkt. No. 16.

Khánh has failed to answer the complaint or otherwise appear in this matter. In January 2023, the clerk of the court entered default against Khánh. Dkt. No. 25. Synopsys moved for default judgment in February 2023.

## DISCUSSION

### I. JURISDICTION

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case." *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)); *see also Crisman v. Van Der Hoog*, No. 20-cv-02723-JD, 2021 WL 8445148, at *1 (N.D. Cal. Nov. 2, 2021). The Court has subject matter jurisdiction over this trademark and copyright infringement case. 28 U.S.C. § 1338(a).

#### A. Personal Jurisdiction

The Court also has personal jurisdiction over Khánh under Federal Rule of Civil Procedure 4(k)(2). "Federal Rule of Civil Procedure 4(k) governs personal jurisdiction in federal court." *Will Co., Ltd. v. Yee*, 47 F.4th 917, 921 (9th Cir. 2022). "Under Rule 4(k)(2), a federal court may exercise jurisdiction over a foreign defendant if: (1) the claim arises under federal law, (2) the

1   defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3)
2   exercising jurisdiction comports with due process." *Id.* at 922.  Due process is satisfied if the
3   defendant has "minimum contacts" within the forum such that the proceedings do not offend
4   "'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v.*
5   *Washington*, 326 U.S. 310, 316 (1945)).

6         The due process inquiry with respect to a foreign defendant under Rule 4(k)(2) "is nearly
7   identical to the traditional personal jurisdiction analysis," except that it considers "contacts with
8   the nation as a whole." *Lang Van., Inc. v. VNG Corp.*, 40 F.4th 1034, 1041 (9th Cir. 2022)
9   (quoting *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007))
10  (internal quotations omitted).  In the context of tort claims, like the trademark and copyright
11  claims at issue here, "a defendant has requisite minimum contacts with the forum if:  (1) the
12  defendant 'purposefully direct[s]' its activities at the forum, (2) the lawsuit 'arises out of or relates
13  to the defendant's forum-related activities,' and (3) the exercise of jurisdiction is 'reasonable.'"
14  *Will Co.*, 47 F.th at 922 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28
15  (9th Cir. 2011)).  To determine whether a defendant purposefully directed its activities toward the
16  forum, a court must consider "whether the defendant:  (1) committed an intentional act, (2)
17  expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be
18  suffered in the forum state." *Id.* (internal quotations omitted)).

19        Khánh's conduct readily satisfies these standards.  He committed intentional acts by
20  offering "cracked" and counterfeit software and infringing registered trademarks on his website.
21  Dkt. No. 1 ¶¶ 26-53.  The record establishes that those acts were expressly aimed at the United
22  States:  Synopsys submitted evidence that ShareAppsCrack.com offered for download more than
23  3,000 software titles, which included a large number of software titles from companies in the
24  United States, and that many users of ShareAppsCrack.com downloaded Synopsys software
25  through servers based in the United States.  Dkt. No. 27-2 ¶¶ 10, 17, 20.  That Khánh attempted to
26  invoke the protections of the DMCA safe harbor by including a DMCA policy page on his website
27  also indicates purposeful direction at the United States. *See* Dkt. No. 27-2 ¶ 8; *see also Ayla, LLC*
28

*v. Alya Skin Pty. Ltd*, 11 F.4th 972, 983 (9th Cir. 2021) (finding that a foreign defendant "purposefully directed its activities toward and availed itself of the protections and benefits of the United States" by claiming FDA approval). There is also evidence that Khánh advertised ShareAppsCrack.com using U.S.-based social media platforms and purchased ads for SharesAppsCrack.com that targeted the United States market. Dkt. No. 27-2 ¶ 16. This all supports a conclusion that Khánh's intentional acts were expressly aimed at the United States. *See Ayla*, 11 F.4th at 980 (finding substantial sales to American consumers and significant advertising efforts targeted toward the forum established purposeful direction). And because Synopsys' claims all relate to Khánh's operation of ShareAppsCrack.com, they all arise from his forum-related activities.

"[O]nce the plaintiff has satisfied the first two prongs" of the due process analysis under Rule 4(k)(2), the burden then shifts to the defendant who must show that jurisdiction would be unreasonable. *Lang Van*, 40 F.4th at 1041. Khánh has not appeared and has not objected to the exercise of personal jurisdiction over him. In any event, the facts of this case demonstrate that personal jurisdiction in accordance with Rule 4(k)(2) is reasonable.

**B.     Service**

Synopsys personally served Khánh with a copy of the complaint on April 29, 2022. Dkt. No. 8-1 ¶ 2. On June 29, 2022, Synopsys served Khánh via the Vietnamese Central Authority pursuant to the Hague convention process. *See* Dkt. No. 19-1, Ex. A. Khánh never appeared, but the fact that the ShareAppsCrack.com website was taken down shortly after the TRO was entered indicates that Khánh was noticed of the proceedings in this case. Dkt. No. 27-2 ¶ 21. The Court finds that Khánh was adequately served.

**II.     DEFAULT JUDGMENT**

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action." *FormFactor*, 2015 WL 1870236, at *2. "'The district court's decision whether to enter a default judgment is a discretionary one.'" *Id*. (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

4

1980)). The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)); *see also Bay Bread, LLC v. Lemonade Rest. Grp., LLC,* No. 21-cv-02979-JD, 2023 WL 1802414, at *2 (N.D. Cal. Feb. 7, 2023)

Synopsys seeks default judgment on its claims that Khánh trafficked protected works and infringed upon Synopsys' trademarks in violation of the DMCA and the Lanham Act. *See* Dkt. No. 27. A claim under Section 1201(a)(2) of the DCMA requires Synopsys to show that Khánh offered to the public or otherwise trafficked technology primarily designed or produced to circumvent technological access controls to protected works. 17 U.S.C. § 1201(a)(2); *see MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 953 (9th Cir. 2010). Synopsys has done so here. The complaint alleges that ShareAppsCrack.com provided users with counterfeit Synopsys license keys and software tools to circumvent Synopsys' access control measures and download Synopsys' programs in the United States and elsewhere. Dkt. No. 1 ¶¶ 29-30, 36-43, 64-74.

To succeed on the false association claim under Section 1125(a) of the Lanham Act, Synopsys must show that Khánh "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of [its] goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007); 15 U.S.C. § 1125(a)(1)(A). The complaint alleges that Khánh used Synopsys' exact trademarks on the ShareAppsCrack.com website, and that the use of

5

Synopsys' marks was inherently confusing to consumers and harmed Synopsys' reputation as a software provider. Dkt. No. 1 ¶¶ 44-53, 75-91. Consequently, the main *Eitel* factors weigh in favor of default judgment for Synopsys' DMCA and Lanham Act claims.

The other *Eitel* factors also favor entry of default judgment. Synopsys seeks a permanent injunction, and says that it will be prejudiced if its motion is not granted because there is a risk that Khánh could reinstate the ShareAppsCrack.com website. Dkt. No. 27 at 6. And although Khánh appears to be aware of the lawsuit because he has taken down the website, he has not made an appearance. All told, "there is no indication that [his] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible." (internal quotation omitted). *Bay Bread*, 2023 WL 1802414, at *2. Default judgment is warranted in light of the *Eitel* factors.

## III.   THE RELIEF

Synopsys requests two forms of permanent injunctive relief: (1) an injunction to prohibit Khánh from further violating the DMCA and Lanham Act, and (2) the transfer of the "ShareCrackApps.com" domain to Synopsys. *See* Dkt. No. 27 at 11-12. While Synopsys initially requested financial relief in its Complaint, it now requests only injunctive remedies.

### A.   Permanent Injunction

Synopsys asks for an injunction to enjoin Khánh and any in concert with him from infringing on Synopsys' copyright and trademarks. Both the DMCA and the Lanham Act authorize permanent injunctive relief. 17 U.S.C. § 1203(b)(1); 15 U.S.C. § 1116. The Court finds the permanent injunctive relief ordered here will protect Synopsys from further infringement of its copyright and trademark rights. *See FormFactor, Inc.*, 2015 WL 1870236, at *4.

Consequently, IT IS ORDERED that:

Defendant Phan Văn Khánh and officers, agents, directors, servants, employees, and all other persons and entities acting in concert or participation with Khánh, are permanently enjoined from the following acts:

(1) in connection with any goods or services, using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or

1  misleading description of fact, or false or misleading representation of fact, which is likely to
2  cause confusion, mistake, or deception as to the affiliation, connection, or association of Synopsys
3  with defendant, or as to the origin, sponsorship, or approval of defendant's goods, services, or
4  commercial activities by Synopsys;

5  (2) sharing, hosting, distributing, or otherwise trafficking in any counterfeit Synopsys
6  software; and

7  (3) manufacturing, importing, offering to the public, providing, or otherwise trafficking in
8  any technology, product, service, device, component, or part thereof, that is primarily designed or
9  produced for the purpose of circumventing technological measures that effectively control access
10 to Synopsys' copyright-protected software, including counterfeit license keys.

### B.   Transfer of Domain Name

Synopsys requests the transfer of the ShareCrackApps.com domain to Synopsys "to prevent illegal misuse of the domain . . . commensurate with the scope and nature of the copyright and trademark infringement perpetuated by Khánh." Dkt. No. 27 at 12. But Synopsys' request overreaches on both the scope and context of this case -- specifically, protecting Synopsys' copyright and trademark rights. The website hosts more than 3,000 software titles from software companies such as Microsoft, Autodesk, Adobe, Intuit, and VMware, none of whom have made appearances in this case. Dkt. No. 27-2 ¶ 17. Further, Khánh has already taken down the site on or about May 24, 2022, *id.* ¶ 21, so Synopsys' arguments that this is needed to effectuate the permanent injunction are unpersuasive. The injunctive relief ordered here is more than enough to protect Synopsys going forward. *See FormFactor, Inc.*, 2015 WL 1870236, at \*3-4. The request to transfer the domain name is denied.

**CONCLUSION**

The motion for default judgment is granted in part, and the case will be closed. Synopsys is responsible for serving the injunction on Khánh.

**IT IS SO ORDERED.**

Dated: July 24, 2023

_____
JAMES DONATO
United States District Judge